# Main Jellico Mountain Coal Company v. Young.

### (Decided October 20, 1914.)

## Appeal from Whitley Circuit Court.

1. **Evidence—Pleading—Instructions.—**Proof of time lost is incompetent in absence of claim therefor in the petition, and the court erred in giving an instruction authorizing recovery for lost time under such circumstances.

2. **Instructions—Impairment of Power to Earn Money.—**Instruction is erroneous which permits recovery for time lost, and impairment of power to earn money over the same period of time.

TYE, SILER & GATLIFF for appellant.

R. L. POPE for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Reversing.

The appellee, Young, sued the appellant coal company to recover $2,000 damages alleged to have been received, while in its employ, by the falling of a piece of slate from the roof of an entry in appellant's mine. The slate fell upon his thumb and cut it off. The negligent cause is alleged to be appellant's lack of care in maintenance of its mine, entry and haulroad, so that the same were permitted to become dangerous and unsafe.

The jury returned a verdict in appellee's favor for $650. An appeal is prosecuted and two grounds urged for reversal. The first is that the testimony fails to show any actionable negligence on the part of appellant. Appellee Young had been assigned to work on a pillar of coal abutting this entry and had not been there more than 30 minutes. He had not removed any coal and no act of his could have occasioned the fall of slate. It fell from the roof of the entry directly over him, and it is not disputed that it was appellant's duty to maintain and keep in a reasonably safe condition this entry. Under the doctrine of *res ipsa loquitur* the court properly submitted the question of negligence to the jury.

Plaintiff's injury under the circumstances, and at the place stated, implied a failure to perform a recognized duty on the part of the coal company, and, therefore, established a *prima facie* case.

The next ground of reversal is that the instructions authorized the jury to compensate Young for time lost,

in the absence of any claim or plea therefor in the petition.

The petition described the injury and loss for which damage is claimed in the following manner:.

"Said slate cut off the left thumb of this plaintiff, and injured his left shoulder, and caused him great mental pain and physical suffering, and partially destroyed his power to earn money, and that the injuries aforesaid are permanent in character."

Instruction No. 3, given to the jury reads as follows:

"If your verdict is for the plaintiff Young, then you will find for him such sum in damages as you may believe from the evidence will fairly and reasonably compensate him for the pain and suffering, if any, he has endured; and for the loss of time, if any, he has suffered as the direct and proximate result of said injury; and, for the permanent and lasting impairment of his power and ability to earn money, if any, he has suffered as the direct and proximate result of the injury aforesaid, not to exceed in all, however, the sum of $2,000.00, the amount claimed in plaintiff's petition."

Such damages as may be presumed as naturally or necessarily resulting from the injury need not be stated with any very great particularity. If the damages be not thus implied, or the extent of them, it will be requisite for the plaintiff to state the injury specially, in order to apprise the defendant of the facts intended to be proved. See Newman on Pleading and Practice, section 345.

There is no rule of law more firmly established than that loss of time is a special damage, and if claim is made for such damage, it must be specially pleaded. Newman, *supra*, section 345c, illustrates the rule as follows:

"Thus if the plaintiff, who has been assaulted and wounded, seeks to recover not only the general damages for the battery, but also for the loss of his time and labor, and for the money paid out in physicians' bills incurred during his sickness resulting from such wounds; or if a plaintiff, who has been assaulted and imprisoned by the defendant, seeks to recover damages for the continuation of his imprisonment, and the consequent loss of health, etc., he must state the facts upon which his right to special damages is based."

This subject is elaborately discussed in the case of Blue Grass Traction Co. v. Ingles, 140 Ky., 488:

"But if the injured party desires to recover in addition to general damages, what are called special damages, by way of compensation for lost time, or expense incurred in effecting a cure, then the pleading must state the amount sought to be recovered for such special damages, and the instruction should limit the recovery on this account to the amount mentioned in the pleading." L. & N. R. Co. v. Dickey, 31 K. L. R., 894; L. & N. R. Co. v. Roney, 32 K. L. R., 1326; L. & N. R. Co v. Moore, 150 Ky., 692.

The petition fails to allege that appellee had lost any time or claimed any damage on account thereof. Notwithstanding the absence of a plea for loss of time, plaintiff was permitted, over appellant's objection, to testify that he lost three months' time, and in that way his loss was $50 or $60 each month, that being the average amount of his earnings; and that after he went back to work his earning power was decreased $15 or $20 per month. In view of the rule that claim for time lost must be specially pleaded and there being no such plea, the introduction of this proof was clearly erroneous, and in view of the proven value of the time lost, in proportion to the amount of the verdict, we can not say that the error was not prejudicial.

We are referred to the case of Southern Railway, etc. v. Bowlin, 143, Ky., 268, where the suit was to recover $50,000, while the verdict was for only $650. On complaint of a similar error, the court said:

"While we are committed to the doctrine that no recovery can be had for special damages, such as loss of time, physicians' bills, etc., unless they are specially pleaded, we conclude, from the nature and extent of appellee's injuries and the smallness of the verdict, that the error complained of was not prejudicial to the substantial rights of the appellant."

There was proof to show that Bowling suffered a very serious injury as the result of an explosion of dynamite. After the accident he was adjudged insane and sent to the asylum. According to the verdict of the jury at the inquest, his insanity was due to this cause. It was from the nature of such injury that the court concluded from the smallness of the verdict that the error complained of was not prejudicial. But in the case at bar, we can not say that appellee's injury is so out of proportion to the verdict as to conclude the error was not prejudicial.

Since the case must be reversed, and if the appellee amends to claim for time lost, the court should reform the instruction quoted, so that the jury will not be authorized to make an allowance for loss of time and for impairment of appellee's power to earn money during the same period. As written, it permits appellee to recover double damages. As explained in the Blue Grass case, *supra,* the instruction should state that the allowance, if any, for impairment of power to earn money should begin when the allowance, if any, for time lost ended.

The cause is, therefore, reversed and remanded for a new trial.