## McHenry Coal Company v. Taylor.

(Decided June 1, 1915.)

Appeal from Ohio Circuit Court.

1. Damages—Lost Time—Pleadings—Instructions.—Where the plaintiff, in an action to recover damages for personal injuries, seeks to have an allowance for lost time, the petition should state the amount claimed for lost time, and the instruction should limit the recovery for lost time to the amount claimed; but if the petition does not seek damages for lost time, then the instructions should not advise the jury that they may allow damages on this account.

2. Damages—Lost Time—Instructions.—If there is a claim for lost time in the pleading, supported by evidence, and the jury are instructed that they may allow damages on this account, the court should add that the allowance, if any, for impairment of power to earn money should begin when the allowance, if any, for lost time ends.

TRABUE, DOOLAN & COX and N. P. TAYLOR for appellant.

ERNEST WOODWARD and OTTO C. MARTIN for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

The appellee, Taylor, while pursuing his employment as a driver in the coal mine of the appellant company, was injured by slate that fell from the roof of the entry in which he was driving. In this action to recover damages for the injuries thus sustained, there was a verdict. in his favor and judgment accordingly for $15,000.

The weight of the evidence shows these facts: (1) That it was the duty of the coal company to exercise ordinary care to inspect and keep in reasonably safe condition the roof of this entry, and that it negligently failed in the performance of these duties; (2) that it

was not the duty of Taylor to inspect the roof of this entry, as the stooping position which he was required to assume while driving prevented him from inspecting the roof, and so he was not wanting in ordinary care in failing to discover the defective condition of the roof; (3) that the unsafe and dangerous' condition of the roof at the place where the slate fell could have been discovered and the condition remedied if the coal company had exercised ordinary care in the performance of its duty of inspection and remedy. With this brief statement we will now proceed to consider the chief ground relied on for reversal.

The petition, after averring the existence of other necessary facts, and that the injuries received were permanent, charged that ''at the time of his injury he was twenty-one years of age and earning $2.24 per day of eight hours; that he has never been able to labor since his injury or to earn anything whatever, and will never be able to do any sort of manual labor, as the result of said injuries; that as the direct and proximate result of said injuries he has been compelled to and has incurred an expense of $200 for medicine and medical treatment, and has suffered great pain and mental anguish, and the permanent impairment of his ability to earn money, all of which is to plaintiff's damage in the sum of $20,000.''

The answer was a traverse and plea of contributory negligence.

In the instruction on the subject of the measure of damages the court told the jury: ''If the jury find for the plaintiff under instruction number one, then the measure of their finding should be such a sum as will reasonably and fairly compensate the plaintiff for the physical and mental pain and anguish, if any, suffered by him, which were the direct and proximate result of his injuries, and for the value of the time lost by him, if any; and if the jury believe that his injuries are permanent, they will find such a sum therefor as his permanent injuries reduce his power to earn money, not exceeding in all the sum of $20,000.''

The objection urged to this instruction is that it allowed a recovery for lost time when no claim therefor was made in the petition, and permitted a duplication of damages by the jury, as under it the jury might allow during the same period for lost time as well as per-

manent impairment of power to earn money, it being undisputed that the injuries received by Taylor were of such a nature as to certainly disable him from earning any money from the time of the injury to the date of the trial.

We said in L. & N. R. R. Co. v. Dickey, 31 Ky. L. R., 894; L. & N. R. R. Co. v. Roney, 32 Ky. L. R., 1326; Blue Grass Traction Co. v. Ingles, 140 Ky., 488, as well as in other cases, that "if the injured party desires to recover, in addition to general damages, what are called special damages, by way of compensation for lost time, or expenses incurred in effecting a cure, then the pleading must state the amount sought to be recovered for such special damages, and the instruction should limit the recovery on this account to the amount mentioned in the pleading." And in these cases, as well as in Main Jellico Mountain Coal Co. v. Young, 160 Ky., 397, we held that it was reversible error to instruct the jury that they might allow compensation for lost time when there was no claim for lost time made in the petition.

Counsel for appellee do not controvert the correctness of the rule of pleading announced in these cases, nor do they insist that the instruction, in so far as it authorized a recovery for lost time, was correct, but the argument is made that this error was not prejudicial. It appears that the injury was sustained on January 17th, the petition filed March 20th, following, and the uncontradicted evidence showed that Taylor was earning $2.24 a day; therefore, it is said, the petition, in effect, sought to recover this amount for the working days lost between the date of the injury and the date of the suit, and it was a very simple matter for the jury to have ascertained that Taylor was entitled to recover for time lost $116.48, or for fifty-two days at $2.24 per day.

It will be observed that the instruction allowed the jury to find "the value of the time lost by him, if any," and it is manifest that as the jury were not told when the estimate for lost time should begin or end, or the amount that might be allowed therefor, they would reasonably and naturally conclude that they had the right to allow for lost time at least from the date of the injury to the date of the trial, as all the evidence showed that Taylor had not been able to earn any money during this period of time. Of course, it cannot be known by

what method the jury calculated the damages that should be assessed, but it is clear that under this instruction and the evidence they might and.could reasonably have found for Taylor the value of the time lost by him between the date of the injury and the date of the trial, and also have taken this time into consideration in estimating the loss he sustained by the permanent reduction of his power to earn money.

As the jury were told that they might allow damages for lost time, it is fair to assume they did allow damages on this account. How much they allowed it would be the merest guesswork to undertake to say. The instruction did not limit either the amount to be allowed or the time for which it should.be awarded. The jury may have allowed for lost time to the date of the filing of the suit, or to the date of the trial, or they may have thought that it would be several years before Taylor could earn anything, and have taken the whole time of his inability to earn money into consideration in estimating what should be allowed for lost time.

As we have pointed out in the .cases referred to, the item of lost time is special damages, in the same class with medical expenses and other special items of damage; and so the jury should always be.told within what limits the assessment for lost time must be confined and the amount that may be awarded on this account.

We said, in Blue Grass Traction Co. v. Ingles, *supra,* that if requested "the court should add that the allowance, if any, for impairment of power to earn money should begin when the allowance, if any, for time lost ended." And if the defendant wishes to protect himself from the probable imposition of double damages when there is a claim made in the pleadings and instructions for lost time, he should ask the court to tell the jury that the allowance for impairment of power to earn money should begin when the allowance, if any, for lost time ended, although it would be better practice, in cases like this, for the court, on its own motion, to so advise the jury, in order that double damages might not be awarded.

For the error indicated, the judgment must be reversed, and it is so ordered. On a retrial the plaintiff may, if he desires, amend his petition and ask damages for lost time, or the recovery for lost time may be omitted entirely, as he chooses.