## Augustus v. Goodrum.

(Decided May 18, 1928.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Third Division).

1. Damages.—In action for personal injuries sustained in automobile accident, evidence held not to warrant instruction on permanent injury nor recovery of damages therefor.

2. Damages.—To entitle plaintiff to recover for permanent impairment of his power to earn money, evidence of permanency of the injury must be direct, positive, and satisfactory.

3. Damages.—An injured person is as much entitled to recover for temporary impairment of his power to earn money as he is for

the permanent impairment of such power, but he is only entitled to recover for the impairment of earning power until a complete cure has been effected.

4. Damages.—That instruction on damages allowable for personal injuries authorized jury to fix beginning of impairment of plaintiff's earning power at date of injury held not to render instruction erroneous, no question of double damages arising.

5. Damages.—Special damages, such as lost time and expenses incurred by injured persons for physican's fees and medical supplies, must be pleaded and proved in order to be recovered.

C. Damages.—Any allowance for temporary impairment of power to earn money resulting from injury should begin when the allowance, if any, for time lost has ended.

EUGENE R. ATTKISSON, W. S. HEIDENBERG and FINLEY F. GIBSON, JR., for appellant.

GARNETT & VAN WINKLE for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

Appellee, who was the plaintiff below, brought this action to recover from the appellant and defendant below $10,260 damages, resulting, as alleged, from a collision between plaintiff's and defendant's automobiles. At the time the accident occurred the plaintiff was going west on Broadway in Louisville, Ky., in an automobile owned by him but driven by Jesse Lee. The accident occurred at the intersection of Broadway and Shelby streets. The traffic at this point is controlled by an automatic signal which stands about 15 feet above the intersection of the two streets, and under an ordinance of the city of Louisville, it is the duty of the driver of a vehicle to move when the green signal light shows and to stop when the red light shows. When plaintiff reached the intersection the red light was showing and the automobile was stopped. Defendant, David Augustus, was driving an automobile immediately behind plaintiff, and while plaintiff's automobile was standing at the intersection, the one driven by Augustus struck it from the rear knocking it several feet into Shelby street.

Plaintiff in his petition claimed damages as follows: Damage to his automobile $50 and loss of use thereof for two days, $10; physician's bills and medical supplies, $200; and physical and mental pain and suffering and physical injuries, $10,000. On the trial the jury returned a verdict for the plaintiff for $1,680.

The chief ground relied on for reversal is alleged error in the instruction given on the measure of damages. In addition to authorizing a recovery of amounts expended by plaintiff for medical and surgical attention and medical supplies and for damages to and loss of the use of the automobile, the instruction authorized the jury to award plaintiff such sum in damages as they might believe from the evidence would reasonably compensate him for his pain and suffering, mental and physical, and such further sum as they might believe from the evidence would reasonably compensate him for the diminution of his power to earn money as a direct result of his injury. The instruction was based upon the assumption that there was proof of permanent injury, and appellant insists there was no such proof and the instruction as given was prejudicially erroneous.

Plaintiff, in describing his suffering and the nature of his injuries, testified:

"I just suffer with my back; can't bend over in my spine here; I can't sit still in one position or lie that way (indicating); I can sit with my feet propped up and get more rest than I can lying down; I have been that way ever since. I don't know; it is my back that pains me. At the start, my neck and shoulders up there (indicating) were strained, but that didn't amount to much; it never did anything to hurt me much, but my back."

He claims that he was unable to work for four months after the accident and that during all this time he was being treated by Dr. Osborne.

Dr. Osborne testified that he examined the plaintiff shortly after the accident and found him complaining of a severe pain in his back. No bones were broken, but his back was bruised. He was of the opinion that plaintiff would be permanently cured but that it would require a year and a half or two years. Dr. Chas. W. Barnes began treating plaintiff about five months after the accident and stated that he found an inflammatory condition of the muscles and ligaments and that when he first examined him there was a slight distension which he explained to mean an enlargement. In answer to a hypothetical question, he stated that he could not say whether or not the injury was permanent. Dr. A. W. Hancock, who examined the plaintiff a few days after the accident, found him complaining of a tenderness at the point

where the hip bones and the spine meet in the back, but he would express no opinion as to whether or not he was permanently injured. Dr. M. D. Cook, who examined the plaintiff on the morning before the trial, at the instance of the defendant, stated that he found him to be quite normal in every way and expressed the opinion that he was malingering. Dr. L. H. Kerr made an X-ray examination of plaintiff and stated that he found his back to be normal.

The foregoing is substantially all the evidence relating to the character of plaintiff's injury, and it fails to measure up to the standard fixed by this court before damages for permanent injuries will be authorized. Without reviewing the authorities, a reference to a few of those in which the evidence has been held insufficient to authorize an instruction on permanent injuries will disclose that the medical and other testimony in such cases tending to show permanent injury was far stronger than it is in this case. Louisville & Nashville Railroad Co. v. Parsons, 213 Ky. 432, 281 S. W. 519; Illinois Central Railroad Co. v. Basham, 183 Ky. 439, 209 S. W. 362; Cincinnati, N. O. & T. P. R. Co. v. Ross, 212 Ky. 619, 279 S. W. 1075. As stated in these cases and numerous others that might be cited, to entitle the plaintiff to a recovery for permanent impairment of his power to earn money, the evidence of permanency of the injury must be direct, positive, and satisfactory. There is no evidence in this case that plaintiff's power to earn money has been permanently impaired, but all of the evidence is to the effect that the impairment, if any, is temporary.

The instruction on the measure of damages in effect authorized the jury to find damages for permanent impairment of the power of the plaintiff to earn money, when there was no evidence that the injury was permanent. An injured person is as much entitled to recover for the temporary impairment of the power to earn money as he is for the permanent impairment of the power to earn money; but he is only entitled to recover for the impairment of the power to earn money until a complete cure has been effected. Blue Grass Traction Co. v. Ingles, 140 Ky. 488, 131 S. W. 278.

Plaintiff made no claim for loss of time and no instruction thereon was given, but under the instruction on the measure of damages the jury could fix the beginning of the impairment of his power to earn money at the date of the injury. This would not render the in-

struction erroneous, since no question as to double damages would arise; but the instruction was erroneous in that it failed to limit the period during which compensation might be allowed for temporary impairment of plaintiff's power to earn money to the period between the date of the injury and the time when a complete cure would be effected. Special damages such as lost time and expense incurred by way of physicians' fees, medical supplies, etc., must be pleaded and proved in order to be recovered. Louisville & Nashville Railroad Co. v. Johnson, 214 Ky. 189, 282 S. W. 1087; McHenry Coal Co. v. Taylor, 165 Ky. 144, 176 S. W. 976; Blue Grass Traction Co. v. Ingles, supra.

On another trial the plaintiff may, if he desires, amend his petition and ask damages for lost time; but if the petition is so amended and an instruction on lost time given, the jury should be instructed that any allowance for temporary impairment of the power to earn money should begin when the allowance, if any, for time lost ended. All questions not passed on are reserved.

Judgment reversed, with directions to grant appellant a new trial and for further proceedings consistent herewith.