## Black et al. v. Bishop.

October 31, 1947.

Rehearing denied January 27, 1948.

Ray C. Lewis, Judge.

Lewis & Weaver and Keenon, Huguelet & Odear for appellants.

Sylvester V. Little and Wm. A. Hamm for appellee.

OPINION OF THE COURT BY CLAY, COMMISSIONER—Reversing.

This is a suit for personal injuries arising out of an automobile accident. Appellee was a passenger in an automobile which collided with a bus owned by appellant Black and operated by his agent, appellant Hibbard. The jury returned a verdict of $2,500 for appellee against both appellants.

On this appeal, appellants urge for reversal: (1) they were entitled to a directed verdict, (2) the Court erred in giving an instruction which allowed recovery for permanent impairment of appellee's power to earn money, and (3) the verdict is excessive.

The accident took place at the intersection of state highway 80 and state highway 21, a short distance south of Manchester, Kentucky. The intersection is an open triangular one, and there is a dividing line between the two traffic lanes.

The automobile was proceeding southward from Manchester and turned right, or west, onto highway 80. Appellants' bus was proceeding eastwardly on highway 80 and was going to Manchester, which required it to make a left turn at the intersection to go north. The vehicles were going in opposite directions. They struck each other in a side-swiping collision.

There are two theories as to the cause of the accident. Appellee claims that the bus pulled over to the wrong side of the road and struck the automobile. Appellants' contention is that the automobile came around the curve too fast, swung over to its wrong side of the road and sideswiped the bus. As a result of the collision, the left front fender, wheel, and body of the bus next to the driver's seat were smashed, and the whole left side of the automobile was badly wrecked. The driver of the automobile was killed.

The principal contention of appellants is that they

were entitled to a directed verdict because the physical facts demonstrated clearly that the automobile swerved into the bus. There are a number of pictures filed with the testimony which indicate that this might have been the cause of the collision. On the other hand, however, there is substantial testimony that the bus was on the wrong side of the road. Not only did appellee and other occupants of the car so testify, but two apparently disinterested eyewitnesses stated definitely that the bus at the time of the collision was over the center line of the highway on the wrong side of the road. One witness said it was 18 inches over the line. Another said it was three feet over on the wrong side of the road. The testimony of other witnesses leaves it rather uncertain as to the exact position in the highway where the vehicles collided.

There is very substantial evidence which supports appellants' version of the cause of the accident. A number of passengers in the bus testified that its driver was proceeding at a rather slow rate of speed; that the bus had pulled over to the right-hand shoulder of the road; and at the time of the collision was practically jammed up against the right-hand guard rail. There was, of course, the usual conflict in the testimony as to the respective speeds of the two vehicles.

The cause of the accident is a question of fact. It is not our function to determine that question if the jury had substantial evidence to reach the verdict rendered. Even if we were inclined to accept appellant's theory, this would not authorize a directed verdict where there is positive evidence to support the conclusions of the jury. Vincennes Bridge Company et al. v. Poulos, 234 Ky. 243, 27 S. W. 2d 952. Where there is a conflict of evidence, the jury's verdict based on proper instructions is conclusive. Mann's Executor v. Leyman Motor Company, 234 Ky. 639, 28 S. W. 2d 956.

This is such a case. There was substantial evidence that appellants were at fault, and its probative value, upon which the determination of the issue of negligence rests, is not a question for the Court but a question for the jury.

The point is raised by appellants that the driver of the automobile failed to stop at the intersection, as

required by Section 189.330, sub. 4, KRS. Whether or not this admitted failure constituted negligence or the proximate cause of the accident, it is not necessary for us to determine, as the negligence of the driver could not be imputed to appellee who was a guest. Haller's Pet Shop et al. v. Pearlman, 253 Ky. 130, 69 S. W. 2d 9. Appellants were not entitled to a directed verdict.

The next objection raised by appellants is that the Court erred in instructing the jury that damages could be awarded for permanent impairment of appellee's power to earn money. Appellee testified that he was rendered unconscious by the collision; that one rib was broken; that he has had trouble with his left eye; that his leg was hurt; and that he had pains in his head, chest and stomach. He also stated that at the time of the trial, October 30, 1946 (the accident having occurred December 29, 1945), he was still not up to par so far as his equilibrium was concerned. He further stated that he was not able to work in a competent manner in the same type of employment he had prior to the accident. His medical expenses were $150.

The doctor who saw appellee on the day of the accident stated that he had a bruise on his forehead and a bruise on his knee. He was irrational at the time. He went back to this doctor about the middle of May and was complaining of tenderness on his left knee and a pain in his head.

Appellee was seen by another physician January 5, 1946. He was complaining of dizziness and severe headaches. X-rays were made which failed to show any broken bones or fractures. This physician was not able to testify as to whether or not he was incapacitated to do work.

There was no other evidence which would indicate that appellee suffered any permanent injuries or that his power to earn money was permanently impaired. It is the rule in this state that to entitle the plaintiff to recover for permanent impairment of his power to earn money "the evidence of permanency of the injury must be direct, positive, and satisfactory." Augustus v. Goodrum, 224 Ky. 558, 561, 6 S. W. 2d 703, 704. Even the testimony of professional or expert witnesses which goes only so far as to indicate the injuries might be

permanent is not sufficient to take to the jury the question of permanent injury. Consolidated Coach Corporation v. Eckler, 248 Ky. 309, 58 S. W. 2d 582.

The most we can find from this record is a suggestion made by appellee himself that somehow he may suffer permanently from his injury. We do not have any direct or positive evidence to that effect. By Instruction No. IV the trial court authorized the jury to award appellee damages based on the "permanent impairment of his power to earn money." There was no satisfactory evidence to justify this part of the instruction.

Appellee insists that even if the instruction was erroneous, it was not prejudicial. In view of the substantial award of $2,500, we must decide otherwise.

Under the circumstances it is not necessary to determine whether or not the damages were excessive.

For the error in Instruction No. IV, above pointed out, the judgment is reversed for a new trial consistent herewith.