**HOWARD v. BARR (two cases).**
**Civ. A. Nos. 2184, 2185.**

United States District Court
W. D. Kentucky, at Louisville.
Aug. 21, 1953.

Robert C. Hobson, Woodward, Hobson & Fulton, Louisville, Ky., for plaintiffs.

No appearance for defendant.

SHELBOURNE, Chief Judge.

These actions were filed August 10, 1951, under the authority of Title 28 U.S.C. § 1332, to recover for personal injury and property damage alleged to have been sustained by the plaintiffs, husband and wife, in an accident which occurred on August 6, 1951, at the intersection of Clay Street and Fehr Avenue, in the City of Louisville, Kentucky. They have been consolidated for the purpose of hearing.

Jurisdiction of the Court is asserted by virtue of diversity of citizenship between the parties, the complaint alleging that the plaintiff "is a resident of the State of Michigan" and that the defendant "is a resident of the State of Kentucky", the amount in controversy exceeding in each action, the sum of $3,000.

The defendant has not answered, though personal service was had upon him in each action on August 13, 1951. There has been no demand for a jury by either plaintiff so

that the matter is now before the Court on plaintiffs' application for entry of judgment by default in each case under Rule 55(b) (2) of the Federal Rules of Civil Procedure, 28 U.S.C.A. This Rule, insofar as here pertinent, reads:

"Rule 55. Default

\* \* \* \* \* \*

"(b) Judgment.

\* \* \* \* \* \*

"(2) By the Court. In all other cases the party entitled to a judgment by default shall apply to the court therefor; \* \* \*. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States."

Under Rule 8(b) the averments in a pleading to which responsive pleading is required, other than those relating to the amount of damages, are admitted when not denied in a responsive pleading.

Notice of the taking of depositions and their use in the cases at bar on the question of damages and of plaintiffs' motions for judgment and an award of monetary damages against the defendant was given in accordance with the Rules of Civil Procedure.

After considering the pleadings and the depositions filed as proof, the Court makes the following findings of fact and conclusions of law.

### Findings of Fact

1. The plaintiffs Ozia C. Howard and Velma M. Howard are citizens of the State of Michigan.

2. The defendant, Orlin Barr, is a citizen of the State of Kentucky, residing at Route 2, Fairmount Road, Louisville, Kentucky.

3. On August 6, 1951, plaintiff Ozia C. Howard was lawfully operating his automobile, with the plaintiff Velma M. Howard as a guest, northwardly on Clay Street near the intersection of Clay Street and Fehr Avenue in the City of Louisville, at which intersection Clay Street is the "through" street, having the right of way, and Fehr Avenue is the "stop" or secondary street.

4. On the same date, at approximately the same time, the defendant, Orlin Barr, approached the intersection of Clay Street and Fehr Avenue in an autombile traveling westwardly on Fehr Avenue, failed to stop his automobile for the intersection, there being a stop sign on Fehr Avenue at this intersection, and collided with plaintiffs' automobile, causing certain injuries to the plaintiffs and their automobile.

5. The defendant, Orlin Barr, was negligent in failing to stop at the intersection and the collision between plaintiffs and defendant was the proximate result of such negligence.

6. The plaintiff Ozia Howard, forty-three years of age, as a direct result of such collision, received cuts on the head and arms which healed in a few days, a "sprung" knee which was swollen for four days and healed in eight days; and a dislocation of the little finger of his left hand, which he states "still bothers me", though he later states that he is now fully recovered. His medical expenses were:

X-ray and doctor bill ...... $32.50

7. The plaintiff Velma M. Howard, forty-one years of age, as a direct result of such collision, received cuts "in many places", a broken little finger of the right hand, and injuries to the neck, spine, and nervous system. She states that she was in a cast for forty days and then wore a neck brace until November 1, 1951, a period of forty-six days, and that she was in the hospital for six or seven days after the accident. Her medical expenses were:

| | |
|---|---|
| Hospital bill .............. | $117.00 |
| Ambulance bill ........... | 3.00 |
| First aid .................. | 3.00 |
| Doctor bill (Louisville) .... | 150.00 |
| Doctor bill (Detroit) ...... | 50.00 |
| X-ray .................... | 17.50 |

8. At the time of her deposition, December 10, 1951, plaintiff Velma M. Howard stated that she suffered from pains in her back, tiredness and nervousness, and fright, and that she did not think she would ever fully recover. She stated that prior to the accident she was in excellent health. She further stated that she "may have more medical expense in the future."

9. Plaintiff Ozia C. Howard seeks a recovery of damages in the amount of $3,571.20, consisting of $1,000 property damage, $2,500 for personal injuries and $71.20 for loss of one week's employment.

10. Plaintiff Velma M. Howard seeks recovery of damages in the amount of $28,220, consisting of $25,000 for personal injuries, $2,500 for medical bills, past and future, and $720 for loss of six month's employment at the rate of $30 per week.

## Conclusions of Law

I. The Court has jurisdiction of the parties and subject matter by reason of diversity of citizenship and the matter in controversy, exclusive of interest and costs, exceeding the sum of $3,000 in each case. Ordinarily, such an allegation of residence as contained in the complaints herein is insufficient and plaintiffs would be required to amend, since residence is not tantamount to citizenship. Realty Holding Company v. Donaldson, 268 U.S. 398, 45 S.Ct. 521, 69 L.Ed. 1014. However, the proof of residence in a state is prima facie evidence of citizenship, Humphrey v. Ft. Knox Transit Company, D.C.Ky., 58 F.Supp. 362, 364; and since neither the allegations of residence of the parties in the complaints nor the statements in plaintiffs' depositions as to their residence are controverted, this would seem to be sufficient to cure such technical defect. Humphrey v. Ft. Knox Transit Company, supra.

II. The defendant, Orlin Barr, was, as a matter of law, negligent and such negligence was the proximate cause of the collision.

III. The plaintiff Ozia C. Howard is entitled to recover damages from the defendant Orlin Barr in the amount of $500 for personal injuries and pain and suffering. He is not entitled to recover his medical expenses, since such are special damages and were not pleaded in his complaint. Rule 54(c), Rules of Civil Procedure, 28 U.S.C.; Peitzman v. City of Illmo, 8 Cir., 141 F.2d 956, certiorari denied 323 U.S. 718, 65 S.Ct. 47, 89 L.Ed. 577, rehearing denied 323 U.S. 813, 65 S.Ct. 112, 89 L.Ed. 647; Honaker v. Crutchfield, 247 Ky. 495, 57 S.W.2d 502. Nor is he entitled to recover for his loss of time or property damage, since there was no proof of any nature offered on either of these items. Augustus v. Goodrum, 224 Ky. 558, 6 S.W. 2d 703; Sinclair Refining Company v. Tompkins, 5 Cir., 117 F.2d 596.

IV. The plaintiff Velma M. Howard is entitled to recover damages in the amount of $750 for personal injuries and pain and suffering; $340.50 for medical expenses and hospital bills, making a total of $1,090.50. She is not entitled to recover for permanent injuries or future medical expenses, since the proof submitted on these items does not meet the test of "positive and satisfactory evidence" required by the courts. Consolidated Coach Corporation v. Eckler, 248 Ky. 309, 58 S.W. 2d 582; Herndon v. Waldon, 243 Ky. 312, 47 S.W.2d 1047; Sedlock v. Trosper, 307 Ky. 369, 211 S.W.2d 147, 13 A.L.R.2d 349; Black v. Bishop, 306 Ky. 524, 207 S.W.2d 22. Neither is she entitled to recover for lost time, there being no proof submitted on this item. Augustus v. Goodrum, supra; Sinclair Refining Company v. Tompkins, supra.

Judgment will be entered in accordance with the above findings.