## Colonial Coal & Coke Company v. Hobson, By, etc.

(Decided May 1, 1925.)

### Appeal from Floyd Circuit Court.

Damages—Damages for Disfigurement to Face, in Personal Injury Action, Not Permissible.—In action for personal injuries, damages for disfigurement to face held not allowable, as damages must be confined to expense of cure, value of time lost, fair compensation for physical and mental suffering caused by injury, and any resultant permanent reduction of earning power.

A. B. COMBS and B. F. COMBS for appellant.

J. N. HAMILTON for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

This is an appeal from a judgment awarding plaintiff $1,000.00 in damages for personal injuries. The first complaint is that the court erred in instructing the jury that if they found for plaintiff to award him "such sum in damages as you believe from the evidence will reasonably compensate him for his pain and suffering, and also for the disfigurement of his face, if it was disfigured."

The rule is firmly established in this jurisdiction that for personal injuries, where death does not ensue, compensatory damages must be confined by the instructions to the expense of cure, value of time lost, a fair compensation for physical and mental suffering caused by the injury, and for any resultant permanent reduction of the power to earn money. Some of the many cases wherein a reversal was ordered for not thus confining the recovery by the instructions are: L. C. & L. R. Co. v. Case's Admr., 9 Bush 728; L. & N. R. Co. v. Ward's Admr., 44 S. W. 1112, 19 Ky. L. R. 1900; L. & N. R. Co. v. Mason, 72 S. W. 27, 24 Ky. L. R. 1623; L. & N. R. Co. v. Logsdon, 114 Ky. 746, 71 S. W. 905; L. & N. R. Co. v. Hall, 115 Ky. 567, 74 S. W. 280; L. & N. R. Co. v. Cleaver, 89 S. W. 494, 28 Ky. L. R. 497; Louisville Gas Co. v. Fuller, 122 Ky. 614, 92 S. W. 566; Lexington Ry. Co. v. Herring, 96 S. W. 558, 29 Ky. L. R. 794; So. Covington & C. S. R. Co. v. Gore, 96 S. W. 562, 29 Ky. L. R. 836; Lexington R. Co. v. Brittain, 130 Ky. 676, 114 S. W. 295;

L. & N. R. Co. v. Crow, 118 S. W. 365; Bellevue v. England, 118 S. W. 994.

In S. C. & C. St. Ry. Co. v. Nelson, 89 S. W. 200, 28 R. 287, it was held to be reversible error to segregate and point out in the instruction such injuries as ought to have been considered and estimated under the heads of physical and mental suffering and the permanent impairment of the ability to earn money, and thus allow the jury to estimate damages for each item of injury as an independent element of damage.

In the Herring case, *supra,* it was held to be error to authorize an allowance for the loss of a foot as an independent element of damage. In response to the petition for rehearing in that case, reported in 97 S. W. 1127, the court said:

"The cardinal trouble with the instruction of the court is that, in stating to the jury the measure of damages, it authorized them to find for the plaintiff, among other things, 'such further sum as will fairly compensate her for the loss of her foot.' Different people might have very different ideas as to the amount of money that would compensate a woman for the loss of a foot. Such an instruction would be in effect to give the jury no criterion of damages, and is equivalent to an instruction to them to find for the plaintiff such a sum as they deemed right, considering the injury she had received."

This reasoning, of course, applies with equal force to so much of the instruction here as authorized an allowance for the scar on plaintiff's face as an independent element of damage, and as it also would to any other disfigurement. See also Van Meter v. Crews, 149 Ky. 339, 148 S. W. 40.

The rule is otherwise in some other jurisdictions. An interesting discussion of the question, with the reasons and authorities upon either side, will be found in Power v. City of Augusta, 191 Federal 647, where Judge Cochran held that the federal rule differed from ours, although its reasoning was supported by the leading case of So. Pacific Co. v. Helzer, 135 Federal 272, 68 C. C. A. 26, 1 L. R. A. (N. S.) 288.

A reconsideration of the whole matter fails to convince us that our rule is not supported by the better reasoning, and we must, therefore, follow it, especially after

it has been so long and consistently approved by this court.

It follows that the instruction is erroneous, and that. the judgment for this reason must be reversed.

As a new trial must be had, the question as to whether the verdict is excessive is reserved.

Wherefore, the judgment is reversed, and the cause remanded for a new trial consistent herewith.