## Spencer v. Webster.

May 30, 1947.

Ward Yager, Judge.

L. M. Ackman and James M. Graves for appellant.

H. W. Vincent for appellee.

OPINION OF THE COURT BY CLAY, COMMISSIONER—Reversing.

This is an automobile accident case. Appellee Webster recovered $3,500.00 for personal injuries on his counterclaim against appellant Spencer.

Two grounds of reversal are raised on this appeal: (1) error in Instruction No. 6, prescribing the measure of damages, and (2) excessiveness of the verdict.

It appears that appellee at the time of the accident had his head impelled through the windshield of his automobile, thereby lacerating his face. He received a severe cut on and below his left jaw and a cut on his right forehead. Eighteen stitches were taken in the lower cut and twelve stitches were taken in his forehead. The lower wound was approximately 3¼ inches in length, but it does not appear how long or deep was the wound in the forehead.

Appellee was a farmer thirty years of age. He was in the hospital for six days and was unable to work for some time thereafter. He failed to prove any expenses or the value of the time he lost from work. He did not produce as a witness any doctor who attended him, but did introduce testimony of a doctor who stated that the scars resulting from the two injuries to his face were permanent.

Instruction No. 6 given by the Court, which we have italicized for emphasis, was as follows: "The Court further instructs the jury that if you find for the defendant, Dan Webster, you will award him such sum in damages as will reasonably compensate him for the mental pain and suffering endured and to be endured by him, if any, *and for reasonable compensation for the disfigurement of his countenance if any,* which sum shall not exceed the amount of $10,000.00 the amount sued for in the defendant's counterclaim herein."

The objection to this instruction is that it permits the Jury to award independent compensation for the disfigurement of appellee's countenance. It violates the rule well established in this jurisdiction that in an action for personal injuries, compensation may not be authorized by the instructions for elements other than expense of cure, value of time lost, physical and mental suffering, and permanent reduction in the power to earn money. Colonial Coal & Coke Company v. Hobson, By, etc., 208 Ky. 612, 271 S. W. 680.

The case cited is conclusive on this point. The instruction therein condemned authorized the Jury to award the plaintiff, "such sum in damages as you believe from the evidence will reasonably compensate him for his pain and suffering, *and also for the disfigurement of his face,* if it was disfigured." (Our italics.) This instruction is almost identical with the one we have before us. In that case we held such instruction erroneous and reversed the judgment on that single ground. The decision was cited with approval in A. L. Dodd Trucking Service v. Ramey, 302 Ky. 116, 194 S. W. 2d 84.

In view of the substantial damages awarded in this case, we must conclude that Instruction No. 6 was extremely prejudicial to appellant. Having decided it was

12

error to give this instruction, it is unnecessary to determine whether or not the damages were excessive.

The judgment is reversed and the cause remanded for a new trial consistent herewith.