GOSS

v.

SHAWNEE POST NO. 3204, V. F. W. OF UNITED STATES, Inc.

Court of Appeals of Kentucky.

March 5, 1954.

Ollie James Cohen, Louisville, William Miller, Louisville, for appellant.

Woodward, Hobson & Fulton, Louisville, for appellee.

WADDILL, Commissioner.

James P. Goss, an infant five years of age, brought an action by his father as next friend, to recover damages from the Shawnee Post No. 3204, Veterans of Foreign Wars of the United States, Inc., for injuries suffered by him as a result of his playing on a controlled trash fire located upon the defendant's property. The case is based upon the attractive nuisance doctrine. The appeal is from a judgment entered on a verdict in favor of the defendant. Since we find that the defendant was entitled to a directed verdict, we shall confine our consideration of the case to that finding.

The facts that we shall assume to have been proven, for the purposes of the decision, are these: The defendant owned and maintained a clubhouse located at 311 Amy Avenue in Louisville. It was the custom of the custodian to periodically burn rubbish taken from the building on the rear portion of the lot. The defendant's premises were near a street where children were permitted to congregate and play. On occasions prior to December 17, 1949, some of the children had gone upon the defendant's property and had watched the rubbish being burned. On December 17, 1949, at about 2:00 p. m., James P. Goss came upon defendant's property alone, and went to the burning trash pile and while playing therein, his clothing caught fire, causing him to suffer painful and permanent injuries.

While the attractive nuisance doctrine is rejected in some jurisdictions, it has been recognized in numerous cases by our Court. Teagarden v. Russell's Adm'x, 306 Ky. 528, 207 S.W.2d 18; Kentucky Utilities Co. v. Hodges' Adm'r, 301 Ky. 252, 191 S.W.2d 410; Jones v. Louisville & N. R. Co., 297 Ky. 197, 179 S.W.2d 874, 152 A.L.R. 1259; Louisville & N. R. Co. v. Vaughn, 292 Ky. 120, 166 S.W.2d 43; Deaton's Adm'r v. Kentucky & West Virginia Power Co., 291 Ky. 304, 164 S.W.2d 468; Ball v. Middlesboro Town & Lands Co., 68 S.W. 6, 24 Ky.Law Rep. 114. A thorough discussion on the origin, theory and application of the attractive nuisance doctrine may be found in 38 Am.Jur., Negligence, Sections 142 to 157. It would serve no useful purpose to attempt herein to again analyze our cases dealing with the doctrine because our Court is committed to the rule that each instrumentality or operation claimed to constitute an attractive nuisance must be viewed in light of the facts and conditions relative thereto. Jarvis v. Howard, 310 Ky. 38, 219 S.W.2d 958.

The tendency of our Court is to restrict rather than to enlarge the attractive nuisance doctrine, Ice Delivery Co. v. Thomas, 290 Ky. 230, 160 S.W.2d 605, and

to exclude from its application such things as walls, fences, simple tools and appliances and conditions arising from the ordinary use of property, else the ownership of real estate would become a burden instead of a benefit.

Under our construction of the rule we find that such a commonplace thing as a small controlled trash fire on one's own property does not constitute an attractive nuisance. It will not do to say that every attractive thing is sufficient to charge a defendant with negligence in enticing children to trespass because most things are alluring to infant children and subject to their curiosity.

Judgment affirmed.