KENTUCKY & INDIANA TERMINAL
RAILROAD COMPANY, Appellant,

v.

Charles MANN, a Minor, by Carl Mann and
Lillian Mann, His Parents and Natural
Guardians, Appellee.

Court of Appeals of Kentucky.

Feb. 21, 1958.

Louis Seelbach and Albert F. Reutlinger, Middleton, Seelbach, Wolford, Willis & Cochran, Louisville, for appellant.

A. Scott Hamilton, Louisville, Bruneau E. Heirich, Chicago, Ill., for appellee.

CULLEN, Commissioner.

Charles Mann, age two and one-half, wandered into the switchyard of the Kentucky & Indiana Terminal Railroad Company, in Louisville, and was struck by a tank car being shunted or "humped" onto a classification sidetrack. He lost his right arm at the shoulder and his right leg at the hip. In his suit for damages against the railroad company a directed verdict was given for the defendant, and judgment was entered dismissing the complaint. On appeal, the judgment was reversed, on the ground that there was sufficient evidence of the defendant's negligence to warrant submission of the case to the jury. See Mann v. Kentucky & Indiana Terminal Railroad Company, Ky., 290 S.W.2d 820. A new trial was held, resulting in a verdict and judgment for the plaintiff in the amount of $175,000. The present appeal is by the railroad company from that judgment.

The appellant makes a vigorous argument that the decision on the first appeal was erroneous and that, as was done in Union Light, Heat & Power Co. v. Blackwell's Adm'r, Ky., 291 S.W.2d 539, the Court should overrule that decision and hold that the evidence upon the second trial (which was substantially the same as that upon the first trial) was not sufficient to create a jury issue as to negligence of the railroad company.

The Court has thoroughly reconsidered the question, and a majority of the Court adheres to the view that the former decision correctly determined that the evidence created a jury issue.

There is language in the opinion on the former appeal indicating that the decision was rested upon an "extension" of the attractive nuisance doctrine. It would more accurately express the view of the Court to say that the question of liability of the railroad company is determined by application of the rules set forth in Section 339 of the Restatement of the Law of Torts, under which attractiveness is an element to be considered only as it bears on the question of whether the presence of children should have been anticipated. In Fourseam Coal Corporation v. Greer, Ky., 282 S.W.2d 129, and in two other cases cited therein, the Court indicated its acceptance of the principles of the Restatement on this question, and in the Greer case said that when the landowner knows of frequent trespasses by children, the question of whether the injuring instrumentality is attractive to children is not important. Under this view, the fact that a child is a trespasser whose presence upon the landowner's premises is not due to some attraction does not of itself relieve the landowner of a duty to exercise care.

The appellant maintains that it was error to permit the plaintiff to introduce evidence concerning the cost of fencing the eastern side of the switchyard, which evidence was designed to show that

the cost would not have been excessive. Under Section 339 of the Restatement of the Law of Torts, the fact that "the utility to the possessor of maintaining the condition is slight as compared to the risk to young children involved therein" is one of the factors bearing on the landowner's liability. In the field of manufacturer's tort liability for defective products, we have held that the cost to the manufacturer of using processes designed to guarantee a safe product is an element to be considered. C. D. Herme, Inc. v. R. C. Tway Co., Ky., 294 S.W.2d 534. So we are of the opinion that evidence concerning the cost of building a fence was relevant. The appellant argues, however, that proof of cost should be admitted only when the defendant has asserted excessive cost as a matter of defense, and that the initial proof must come from the defendant. This argument perhaps is sound, but in view of the way the issues were developed in the case before us, in accordance with our opinion on the first appeal, we are not convinced that permitting the plaintiff to introduce the evidence was improper. The defendant did not assert as a ground of defense that in connection with the movement of its railroad cars it had complied with its duty of lookout for and warning to trespassing children whom it might reasonably anticipate would be upon the tracks. Accordingly, as held upon the first appeal, the issue resolved into one of the duty of the defendant to prevent children from going upon the tracks. This duty could have been met either by stationing guardsmen at the place where children were entering the yard, or by erecting a suitable fence. The defendant maintained throughout the trial that it did not have any such duty. We think the law did impose the duty, unless the cost of fulfilling the duty would have been unreasonable in relation to the risk involved. It might well be considered that in the defense made by the railroad that it had no duty to build a fence or to maintain permanently stationed guards, there was an inherent assertion that this duty

would impose too onerous a burden. Accordingly, we do not feel there was any substantial impropriety in permitting the plaintiff to show that the burden would not be onerous as far as a fence was concerned.

■ Another contention is that the trial court violated KRS 29.304 in not giving the members of the jury certain information requested by them. After the jury had retired for deliberation, the members returned into court and the following took place:

"One of the Jury: Some of the jury wish to know if it is possible to reach a verdict for the child to have some compensation without saying that the K. & I. Railroad was negligent in the operation.

"By the Court: My answer to that is that you will have to follow the instructions."

The statute states that if the jurors, after retiring, "desire to be informed as to any point of law arising in the case," they may be brought into court, "where the information shall be given."

The appellant relies upon Milward Co. v. Luigart, 41 S.W. 568, 19 Ky.Law Rep. 701, wherein the failure of the court to answer a question of the jury was held to constitute reversible error. However, in that case the question related to a matter not covered by the instructions. In the instant case, the instructions made it clear that the plaintiff could recover only upon a finding of the defendant's negligence, and we think the court was not required to enlarge upon the instructions in an attempt to answer the jury's question. See Louisville & N. R. Co. v. Hurst's Adm'r, 20 S.W. 817, 14 Ky.Law Rep. 632.

■ We now come to the question of damages. The appellant maintains that the instructions concerning damages were erroneous in authorizing a recovery not to exceed $81,400 (the amount prayed for in

the complaint) for medical and hospital expenses, when the proof would not support an award for this item in excess of $7,000. The instructions authorized recovery for pain and suffering, for loss of earning power, for medical and hospital expenses not to exceed $81,400, for cost of artificial limbs not to exceed $17,100, and for cost of special clothing not to exceed $1,500, the total award not to exceed the sum of $300,000. The verdict was for a lump sum of $175,000, not itemized.

The appellee does not dispute the contention of the appellant that the proof of *typical* hospital and medical expenses incurred and reasonably anticipated to be incurred, would not support an award in excess of $7,000. However, the appellee seeks to justify the instruction authorizing a recovery not to exceed $81,400 for hospital and medical expenses on the ground that there was evidence that the injured boy would need the services of a paid companion during the remainder of his life, and that the cost of these services (which may be treated as being in the general category of hospital and medical expenses) would far exceed the sum mentioned in the instruction.

The evidence concerning the services of a companion consisted of the testimony of a doctor that it would be necessary for the boy "to have a companion to assist him from time to time;" that this need "would last for the rest of his life;" and that the customary charge for services of this character is not less than $15 per day.

The boy has a life expectancy of 65.31 years, so if he required the services of a companion every day of his life the cost would be in excess of $338,000.

In view of the tremendous range of possible damage on this item, we think some more satisfactory evidence than the mere statement that the boy would need a companion "from time to time" was required in order to authorize any substantial award for this item. The evidence gave the jury no suitable standard by which to measure a proper award. This is illustrated by the fact that the sum of $81,400 sought in the complaint and specified in the instruction is a wholly arbitrary figure, not determinable upon any basis from the evidence. The fact that the evidence was not sufficiently specific is further illustrated by the testimony of the same doctor given upon the first trial, in which he said that he did not mean that the boy would need a "constant" companion, and that "as long as he has his family he ought to be able to get along quite well."

■■ It is our opinion that the instruction was erroneous because the evidence would not support a recovery of the amount specified. In view of the size of the verdict, we cannot say that the verdict does not reflect any consideration of the erroneous instruction. Accordingly, the error must be considered prejudicial and the judgment must be reversed. See Louisville & N. R. Co. v. Logan's Adm'x, 178 Ky. 29, 198 S.W. 537; Spencer v. Webster, 305 Ky. 10, 202 S.W.2d 752; Black v. Bishop, 306 Ky. 524, 207 S.W.2d 22. We believe the better practice in cases like this, where there are several separate major items of damage, is to require an itemized verdict.

Since we are reversing the judgment for error in the instructions, it is not necessary to pass upon the contention of the appellant that the verdict is excessive. However, we may say that the verdict does not strike us at first blush as having been the result of passion and prejudice.

The question of negligence has been fully litigated. Accordingly, a new trial shall be confined to the question of damages. A form of verdict should be used that will provide for itemizing the damages.

The judgment is reversed, for proceedings in conformity with this opinion.

Judge BIRD concurs, but is of the opinion that the liability of the railroad should rest upon the basis that the evidence would

warrant a finding that the place where the boy was injured had become by usage a public crossing, so as to impose upon the railroad a duty of lookout and warning as to any person using the crossing, whether child or adult. See Carter v. Chesapeake & O. R. Co., 150 Ky. 525, 150 S.W. 811; Southern R. Co. in Kentucky v. Jones, 172 Ky. 8, 188 S.W. 873; Note, 167 A.L.R. 1257, 1320.

Judges CAMMACK, SIMS and STEWART dissent, since they continue to be of the opinion, as indicated by their dissent upon the former appeal, that the defendant was entitled to a directed verdict.