**Denver C. THARP, Appellant,**

**v.**

**Edwin S. THARP et al., Appellees.**

Court of Appeals of Kentucky.

April 28, 1961.

David Rowe, Louisville, for appellant.

Herbert C. Howard, Louisville, for appellees.

MONTGOMERY, Judge.

Denver C. Tharp fell in the home of his son, Edwin S. Tharp. The son and his wife were sued for damages in the sum of $21,568.45. The deposition of the plaintiff was taken in discovery. Summary judgment denying recovery was entered.

■ At the time of the fall, appellant was about eighty years of age and was visiting in the home of appellees. His son and daughter-in-law were absent from the home. Appellant decided to take a small box of personal articles to the basement. He was familiar with the basement and its stairway. The basement floor was covered with dark and light colored square asphalt tile which had been waxed and polished. The stairway and basement were well lighted; the floor and stairs were smooth and in good condition.

After appellant had made a careful descent of the stairs, making use of the handrail as he did so, he stepped onto the basement floor and fell, sustaining the complained of injuries. Following the fall, appellant saw a black sock and a white rag or handkerchief on the basement floor about five feet or more from the bottom step of the stairway. This action is prosecuted on the theory that appellant stepped on the sock or rag negligently left there by appellees which caused his foot to slip on the polished floor resulting in the fall and his injuries.

Appellant testified that he was looking toward the place where he stepped but saw nothing, although he insisted that he "stepped on something there." His answer to a direct question was, "No, I don't know why I fell." When asked if he knew what he had stepped on, he answered, "I don't know what it could have been unless it was the clothes."

He further said that he "didn't want to file suit" and that his "oldest son was the cause of it" because "He knew his brother had this insurance."

It is argued for appellant that his daughter-in-law threw some clothes down the stairway into the basement and this is urged as the proximate cause of the injury. The only evidence of this action is the statement of appellant that she told him about throwing the clothes down there. It does not appear whether he was told this after the fall or before.

■ As a visitor in the home, appellant was a licensee. As to the condition of the premises, no duty was owed to appellant

by appellees other than that of not knowingly letting him run upon a hidden peril or willfully or wantonly causing him harm. Beard v. Klusmeier, 158 Ky. 153, 164 S.W. 319, 50 L.R.A.,N.S., 1100; Baird v. Goldberg, 283 Ky. 558, 142 S.W.2d 120; Ockerman v. Faulkner's Garage, Inc., Ky., 261 S. W.2d 296; 65 C.J.S. Negligence § 35, p. 491; 38 Am.Jur., Negligence, Section 104, page 765, and Section 117, page 778.

 As a nonpaying guest, appellant occupied the same status as a member of appellees' household and was expected to take the premises as the appellees used them and was not entitled to expect that they would be prepared for his reception or that precautions would be taken for his safety in any manner in which appellees did not prepare or take precautions for their own safety or that of the members of their family. See Kentucky & West Virginia Power Co. v. Stacy, 291 Ky. 325, 164 S.W. 2d 537, 170 A.L.R. 1, and City of Madisonville v. Poole, Ky., 249 S.W.2d 133, wherein the status of a licensee is discussed. See also Restatement of the Law, Second, Torts, Tentative Draft No. 5, Chapter 13, Section 330, pages 50–57. Under the circumstances, the injuries sustained are not shown to have resulted from a violation of any duty owed by appellees to appellant.

This conclusion renders it unnecessary to discuss in detail the negligence of appellant in failing to see and in stepping on something which would slip or slide on the slick floor. If there was something, whether a sock, handkerchief, or rag, on the floor at the foot of the stairway, the entire area was well lighted so that it could and should have been seen. Entwistle v. Carrier Conveyor Corp., Ky., 284 S.W.2d 820; Humbert v. Audubon Country Club, Ky., 313 S.W.2d 405; Forman v. Silver, Ky., 313 S. W.2d 420. If, as appellant indicates, his bifocal glasses needed changing thus impairing his ability to see, this condition may have been a contributing factor to his fall.

Appellant was the sole witness concerning the circumstances of his fall. Manifestly, all of his evidence on this phase of the case was before the court on the motion for a summary judgment, and there appeared to be no reasonable possibility of producing more or better evidence on this point. Payne v. Chenault, Ky., 343 S.W.2d 129. Considering the undisputed facts and the statements of appellant that he saw nothing and did not know what caused him to fall, the motion for a summary judgment was properly sustained. Clay, CR 56.03, page 105 et seq., comments and cases cited.

Judgment affirmed.