**Ada RADEMAKER, Appellant,**

v.

**Robert C. WILLIAMSON, Appellee.**

Court of Appeals of Kentucky.

March 9, 1962.

Lawrence & Duvall, Ephraim K. Lawrence, Jr., Chris Duvall, Ronald V. Simpson, Louisville, for appellant.

William Mellor, Louisville, for appellee.

WILLIAMS, Judge.

The appellant, Ada Rademaker, was injured when she fell in the home of appellee, Robert C. Williamson. She sued Williamson for damages in the sum of $10,000. Depositions of both parties were taken for discovery purposes. Summary judgment denying recovery was entered.

Appellant was 79 years old at the time she sustained the injury. She had spent the night as a guest in the Williamson home and sustained the fall in midafternoon the following day. The Williamson living room had a waxed, hardwood floor upon which a rug extending to within one and one-half to two feet of the walls had been placed. There was no padding under the rug and it had not been secured to the floor in any manner. The fall occurred as appellant was going out of the living room toward the bedroom area. She had stepped one foot off a corner of the rug on to the hardwood floor when the rug under her other foot slipped. She had been in and out of the living room several times during her stay with the Williamsons and had visited there on prior occasions and observed the placement of the rug. The rug had slipped occasionally prior to this time when appellee or his wife walked on it, but no one had ever fallen because of that fact. Appellant said she did not know the floor was waxed until after she fell and appellee said he did not warn her that the floor was waxed or that the rug might slip.

In a similar case, Tharp v. Tharp, Ky., 346 S.W.2d 44, the following observations were made:

"As a visitor in the home, appellant was a licensee. As to the condition of the premises, no duty was owed to appellant by appellees other than that of not knowingly letting him run upon a hidden peril or willfully or wantonly causing him harm. (Citing cases.)

"As a nonpaying guest, appellant occupied the same status as a member of appellees' household and was expected to take the premises as the appellees used them and was not entitled to expect that they would be prepared for his reception or that precautions would be taken for his safety in any manner in which appellees did not prepare or take precautions for their own safety or that of the members of their family. (Citing cases.) * * *"

There is no contention that appellee willfully or wantonly caused appellant harm.

Consequently, it is incumbent upon her to show that appellee knowingly let her run upon a hidden peril. In Pease v. Nichols, Ky., 316 S.W.2d 849, this Court held that a throw rug placed on a slick stair landing could reasonably be calculated to produce a fall. There a landlord abrogated his duty to a tenant, to exercise reasonable care to keep the stairway free of danger, by continuously maintaining a slick landing with a rug that scooted about from place to place. Here we are not concerned with a landlord and tenant situation but rather a gratuitous licensee is involved. Both parties cite numerous cases from other jurisdictions involving rugs which have slipped on highly polished or waxed surfaces. In those cases the rugs involved have been small throw rugs, and it is generally held that the use of such rugs on waxed hardwood floors is not inherently dangerous.

Appellant insists that rule should not apply when a large rug rather than a small one is in use. It appears to us, however, that a corner of a large rug would be as likely to slip as all or a portion of a smaller rug. The fact that a rug or a corner of a rug will slip on a waxed floor is within the knowledge of all persons who are familiar with the use of rugs on hardwood floors. Certainly it could not be said that because a corner of the rug slipped on occasion when stepped on, it became a hidden danger. Further it appears that appellant had frequented the area where she fell a sufficient number of times to have become familiar with it.

The parties here were the only witnesses to the fall. There appears to be no reasonable possibility of producing more or better evidence on this point. The trial court properly sustained the motion for summary judgment. Tharp v. Tharp, supra.

Judgment affirmed.

PALMORE, Judge (dissenting).

It seems to me that the average guest would not expect the corner of a large rug to slip out from under him. In the first place, its more extensive area of contact with the floor provides a greater amount of friction which must be overcome in order to move it than would be true of a small rug. Secondly, most people use floor pads under large floor coverings, whereas the converse probably is true as to throw rugs. These observations of life in passing lead me to disagree with the conclusion that all of us must know that the corner of any rug will slip on a waxed floor. We know it only in the same sense that we must know that the roof of a building we may happen to enter will fall on our heads if it was not set up right. But the ordinary mortal relies on the assumption that such a contingency has been reasonably provided against. And I think that an elderly person who is a guest can properly assume that large rugs in the home are secure unless the host cautions her otherwise. I cannot see that as a matter of law the peril is obvious.

No one would quarrel with the remark in the majority opinion to the effect that the rug did not become a hidden danger simply because it had slipped on occasion. Quite the contrary. That was the means by which the danger became *known*. That appellee and his wife did not fall when they slipped is not decisive. They were much younger people than the appellant. Nor is it material that appellant herself "had frequented the area where she fell a sufficient number of times to have become familiar with it." If she had not herself slipped on the rug she had no particular reason to know that it would slip. Familiarity with the *area* and familiarity with the danger therein are hardly synonymous.

As I view this case, there was evidence of (1) a danger, that was (2) hidden and (3) known to the host. Whether he acted as a reasonably prudent man in failing to warn the elderly guest was strictly a jury question. I dissent from this judicial preemption of it.