**Randy Lance, by His Father and Next Friend, Wayne Lance, Plaintiff-Appellant, v. Barbara Senior and Robert Senior, Defendants-Appellees.**

Gen. No. 65–45.

Fifth District.

January 6, 1966.

Elmer Jenkins, of Benton, for appellant.

Jack E. Horsley and Whitney D. Hardy, of Craig & Craig, of Mattoon (Fred H. Kelly, of counsel), for appellees.

MORAN, J.

This case is presented solely on the pleadings. The complaint recited that on August 14, 1964, the plaintiff, a nine-year-old hemophiliac, remained in the defendants' home overnight as a guest and was in the exercise of the proper degree of care for his own safety. It alleged defendants knew of his blood condition but they negligently allowed him to play with a needle which was sucked into his lungs and caused him injuries. The complaint alleged only negligence. Defendants moved to dismiss the complaint on the ground that plaintiff, according to the allegations of the complaint, was a licensee or social guest and the defendants' only duty was not to wilfully and wantonly injure him.

The trial court granted defendants' motion and dismissed the complaint in bar of the action and entered

judgment for the defendants. Plaintiff appeals from that judgment.

The defendants contend that since the complaint discloses that the plaintiff was a social guest on their premises at the time of the injury, defendants owed plaintiff no duty other than not to injure him by their wilful and wanton misconduct, and since the complaint was based solely on negligence it did not state a cause of action and therefore was properly dismissed by the trial court. Martin v. Cline, 15 Ill App2d 269, 145 NE2d 505; Krantz v. Nichols, 11 Ill App2d 37, 135 NE2d 816; Jones v. Schmidt, 349 Ill App 336, 110 NE2d 688.

Plaintiff concedes that defendants' cited cases sustain defendants' contentions but contends that they are contrary to the holding of our Supreme Court in the case of Kahn v. James Burton Co., 5 Ill2d 614, 126 NE2d 836; that since plaintiff was only nine years of age at the time of the injury complained of, the theory of "foreseeability of harm to the child" set forth in Kahn is the proper standard of liability in his case and that therefore his complaint states a cause of action although grounded upon ordinary negligence.

Counsel has not cited, nor have we been able to find, any cases where our Supreme Court has dealt with the general duty owed by a host to a social guest. In Illinois three statuses have been used by our Appellate Courts to determine liability of an owner of property: (1) he owes the trespasser only the duty to refrain from wilful and wanton misconduct; (2) he owes the licensee the same duty, and (3) he owes the invitee the duty of reasonable care. In the first two situations the injured person must prove wilful and wanton misconduct to recover, while in the third he must prove only ordinary negligence. Strangely enough, the social invitee or guest has not been considered an invitee, but rather a licensee so he has had to prove wilful and wanton misconduct to recover. Our Appellate Courts have also held that a child

social guest is a licensee and must plead and prove wilful and wanton misconduct on the part of a host to establish liability.

The Kahn case involved a situation where an uninvited minor was injured while playing on a pile of lumber at a construction site. The plaintiff proceeded on the attractive nuisance theory, but the court refused to categorize the case in this manner, saying at page 624:

> . . . The naming or labeling of a certain set of facts as being an "attractive nuisance" case or a "turntable" case has often led to undesirable conclusions. The inclination is then to find a stare decisis pigeonhole or category. The difficulty in such procedure is that too often the result of such a search is the reaching of irreconcilable conclusions.
>
> .     .     .     .     .     .
>
> . . . In view of the foregoing conflict and the fact that, as many courts have declared, a child in his youthful fancy, imagination and ingenuity can make a plaything of almost anything and is attracted by almost everything, the only proper basis for decision in such cases dealing with personal injuries to children are the customary rules of ordinary negligence cases.

Under Kahn, the landowner who knows that uninvited infants are likely to play on his premises, has a duty to exercise reasonable care for their safety when it is reasonably foreseeable that they might be injured by some dangerous condition there. The rationale of Kahn requires the landowner to exercise reasonable care in such cases because he is presumed to know that children are on or are likely to be on his premises. We believe that in such cases the Kahn case gives the courts of review of this state a clear mandate to discontinue the practice of labeling or classifying infants who are injured on the

44

premises of another as trespassers, licensees or invitees for the purpose of establishing rules for liability when they are injured. The "only proper basis for decision now in such cases dealing with personal injuries to children are the customary rules of ordinary negligence." The true basis of liability is the foreseeability of injury to the child.

Although our Supreme Court has ceased labeling un-invited infants injured on another's premises as either licensees or invitees for the purpose of defining an owner's legal duty toward them, we are now asked to continue the practice of labeling them as licensees in cases where they are actually invited and are injured in their host's house, rather than use the foreseeability test laid down in Kahn. Although they are invited, we are asked to indulge in the fiction that they are licensees so as to prevent them from recovering unless their host wilfully and wantonly injures them.[1] Under this reasoning, the owner of property would have a greater duty toward uninvited than invited children on his premises. Such a holding would violate all rules of logic, for when a host invites a child onto his premises he has actual knowledge of the child's presence and should therefore be held to as high a standard of conduct as is the owner of premises who is presumed to know of the child's presence under the doctrine of Kahn v. Burton, supra.

■■  We therefore hold that when an infant social guest is injured on his host's property, the customary rules of ordinary negligence apply, with the true test of

[1] In an excellent article commencing on page 258 of the November, 1965, issue of the Illinois Bar Journal, the authors have cited and discussed a number of cases involving the liability of a landlord to nontenants entering upon his premises. These cases demonstrate the confusion which results from efforts to determine liability on the basis of the plaintiff's legal status, i. e. invitee, licensee, trespasser, without regard to other distinguishing factors in the fact situations presented.

liability to be the foreseeability of injury to the child. Whether or not it was foreseeable that a particular thing or condition might or could cause injury to the invited child would ordinarily be a question of fact for the jury who would be properly instructed under the rules of ordinary negligence.

We therefore hold that the complaint stated a cause of action although grounded on ordinary negligence. For the foregoing reasons the judgment of the trial court in favor of the defendants is reversed. We remand the case for further proceedings not inconsistent with this opinion.

Judgment reversed and case remanded for further proceedings.

EBERSPACHER, P. J. and GOLDENHERSH, J., concur.