**Debbie Lynn GROSS, An Infant, By her Mother and next friend, Thelma Gross, Appellant,**

v.

**Jerome BLOOM, Appellee.**

Court of Appeals of Kentucky.

Feb. 3, 1967.

Hugo Taustine, Edward M. Post, Jerome D. Berman, Taustine, Post & Berman, Louisville, for appellant.

William Lehnig, Duncan & Lehnig, Louisville, for appellee.

MILLIKEN, Judge.

The appellant, Debbie Lynn Gross, seven years of age, through her next friend, sued appellee Jerome Bloom for injuries suffered when she fell down a clothes chute—an unprotected hole in a closet floor—while playing hide-and-go-seek with the Bloom children in their home to which Debbie and her family had been invited for dinner. At the conclusion of the testimony for Debbie, the trial court directed a verdict for the defendant-host, which resulted in this appeal from the judgment entered on the verdict.

■ The testimony shows that Debbie and the other children had been playing hide-and-go-seek for about an hour and had made enough noise to notify the host, as well as the other adults, that they were playing the game and were hiding in all strategic places, including closets, but it was not until Debbie sidled into the linen closet in the bathroom and fell through the clothes chute into the basement that anyone apparently realized that any of the children were in any danger. The Bloom children, of course, knew of the open clothes chute, but neither they nor their father thought to warn Debbie of the danger it presented. Whether the light was on in the bathroom is uncertain, but even if it was that would not in itself make seven-year-old Debbie guilty of contributory negligence as a matter of law. See Williamson v. Garland, Ky., 402 S.W.2d 80, decided since the case at bar was tried.

■ Although social guests are social invitees, they nevertheless are licensees and not invitees from the standpoint of the law. "The explanation usually given by the courts for the classification of social guests as licensees is that there is a common understanding that the guest is expected to take the premises as the possessor himself uses them, and does not expect and is not entitled to expect that they will be prepared for his reception, or that precautions will be taken for his safety, in any manner in which the possessor does not prepare or take precautions for his own safety, or that of the members of his family. This has not gone without criticism, and an undercurrent of dissent, based upon the contention that it is not in accord with modern social custom and understanding when a guest is invited; but the decisions thus far have been all but unanimous to the effect that the social guest is no more than a licensee." Restatement, Second, (1965) Torts Section 330. See Keown v. Keown, Ky., 394 S.W.2d 915 (1965); Rademaker v. Williamson, Ky., 355 S.W.2d 154 (1962); Terry v. Timberlake, Ky., 348 S.W.2d 919 (1961); Tharp v. Tharp, Ky., 346 S.W.2d 44 (1961).

But even this general principle has its modifications where children are involved. The Restatement, Second, Torts Section 339:

"Artificial Conditions Highly Dangerous to Trespassing Children

A possessor of land is subject to liability for physical harm to children trespassing thereon caused by an artificial condition upon the land if

(a) the place where the condition exists is one upon which the possessor knows or has reason to know that children are likely to trespass, and

(b) the condition is one of which the possessor knows or has reason to know and which he realizes or should realize will involve an unreasonable risk of death or serious bodily harm to such children, and

(c) the children because of their youth do not discover the condition or realize the risk involved in inter-meddling with it or in coming within the area made dangerous by it, and

(d) the utility to the possessor of maintaining the condition and the burden of eliminating the danger are slight as compared with the risk to children involved, and

(e) the possessor fails to exercise reasonable care to eliminate the danger or otherwise to protect the children."

It appears that the Restatement's distillation of the law in the field takes full cognizance of the normal attitudes of most of us who believe that hospitality should be appreciated and fostered on the one hand, and children should be protected on the other. It is one thing for an adult to wander off the usual path he would follow while a guest in a friend's home, and quite another thing for a child to do it. The law's cloak of protection is not thrown over trespassing children unless the property owner "knows or has reason to know that children are likely to trespass" on his property. If known trespassing children are so protected, should not a child guest be accorded at least as much protection?

▇ In the case at bar there is evidence which indicates that the host had enough knowledge or information to alert him to the possibility, or even probability, that his guest, Debbie, might sidle into the linen closet to hide and be exposed to the voracious danger of the open clothes chute.

But when the host's story is told and its shades, gradations, and nuances developed, it may be apparent that it would be unreasonable to hold him accountable for Debbie's injuries because of his failure to foresee the danger and to warn her of the open clothes chute—that his knowledge or information had not had a fair chance to bloom into realization of the danger of Debbie's hiding in the linen closet and falling into the chute. It seems to us that the factual situation presented here presents a question of negligence for a jury to decide —whether the host was negligent in failing to foresee the very thing that happened and in not warning Debbie of the danger lurking in the linen closet.

The courts of California and Illinois recently have taken this view. In Kemline v. Simonds, 231 Cal.App.2d 165, 41 Cal.Rptr. 653 (1965), where an eight-year-old child who had been swimming in her host's pool was told to run on into the house and get warm and was injured when she crashed into a clear glass door with no markings to dispel the illusion that she had clear sailing, the California court declared that: "In summary we hold that the evidence is sufficient to sustain a finding that defendants were guilty of negligence and subject to liability under the provisions of section 339 of the Restatement." That court concluded that although section 339 referred only to child trespassers, a child social visitor should have at least equal protection.

In Lance v. Senior, 66 Ill.App.2d 41, 213 N.E.2d 616 (1966), the Illinois Appellate Court, Third District, expressly disregarded classifying children as invitees, licensees, or trespassers and declared the " 'only proper basis for decision in such cases dealing with personal injuries to children are the customary rules of ordinary negligence cases' ", (quoting the Illinois Supreme Court in Kahn v. James Burton Company, 5 Ill.2d 614, 126 N.E.2d 836 (1955) and then concluded: "We therefore hold that when an infant social guest is injured on his host's property, the customary rules of ordinary negligence apply, with the true test of liability to be the

foreseeability of injury to the child. Whether or not it was foreseeable that a particular thing or condition might or could cause injury to the invited child would ordinarily be a question of fact for the jury who would be properly instructed under the rules of ordinary negligence."

We, therefore, conclude that it was improper to direct a verdict at the close of the appellant's evidence.

The judgment is reversed.