**LOUISVILLE TRUST COMPANY, Successor Statutory Guardian for Michael Bollinger, Appellant,**

v.

**Louise M. NUTTING, Appellee.**

Court of Appeals of Kentucky.

Sept. 27, 1968.

Rehearing Denied March 14, 1969.

Stanley R. Badesch, Allen Schmitt, Louisville, for appellant.

John G. Crutchfield, Jones, Ewen, MacKenzie & Peden, Louisville, for appellee.

CLAY, Commissioner.

This is a suit for personal injuries suffered by a three-year-old child who was burned while on appellee's premises. At the close of the plaintiff's evidence, the trial court directed a verdict for appellee.

On the day of the accident appellee's workman had burned a pile of leaves in the back yard. He left without completely extinguishing the fire, although it appears that all that remained were smoldering ashes. Appellee also left home that afternoon, and at the time of the accident the fire was unattended.

Appellee and the Bollinger family own adjoining residential properties, with no fence between. The injured child was one of five children in the Bollinger family. In the company of his older brother (age 6) and two other boys, he wandered into appellee's back yard and apparently played around the remains of the fire. He ignited a stick by poking it into the hot ashes, and when his clothing caught fire, he was severely burned.

Appellee knew the Bollinger children and knew that for many years they had crossed her yard going to and from other homes in the neighborhood. She had consented to their so utilizing her property. (The workman testified that occasionally he had told these children to get out of appellee's yard when he was "burning or something like that".) There was evidence the children played in the yards in the neighborhood.

In directing a verdict for appellee, the trial judge relied upon Goss v. Shawnee Post No. 3204, V. F. W. of U. S., Ky., 265 S.W.2d 799, which, with respect to the essential facts, was similar to the present case. Therein we held that a "small controlled trash fire on one's own property" did not constitute an "attractive nuisance" which would impose liability upon the landowner. It is contended by appellant that the later cases of Mann v. Kentucky & Indiana Terminal Railroad Co., Ky., 290 S.W.2d 820; Kentucky & Indiana Terminal Railroad Co. v. Mann, Ky., 312 S.W. 2d 451; and Gross v. Bloom, Ky., 411 S. W.2d 326, wrought a "great change in the law" which in effect impaired the authority of Goss.

We do not regard the last three cited cases as effecting any change in the law. They simply recognize the underlying considerations upon which the "attractive nuisance" doctrine rests. "Attractiveness" is only one of the elements bearing on the question of whether the presence of children should be foreseen. The potential liability of a possessor of land is based upon the creation or maintenance of an artificial hazardous condition which he may anticipate constitutes an unreasonable risk of serious injury to children who do not realize the danger.

We have followed the rule set forth in Restatement 2d, Torts, section 339. In substance it is: the possessor of land is liable for physical harm if he creates or maintains an artificial condition which he realizes or should realize will involve an unreasonable risk of serious bodily harm to children who would not comprehend the risk or danger involved, and he knows or has reason to know that such children are likely to be on his premises. Whether such children are classified as trespassers, licensees or invitees is not a controlling consideration. Gross v. Bloom, Ky., 411 S.W. 2d 326. See also Rowland v. Christian, Cal., 70 Cal.Rptr. 97, 443 P.2d 561.

Open fires constitute a threat to persons and property. We are urged through all the communications media to extinguish them when not attended. They hold a cer-

tain fascination for young and old. Whether the person who leaves unattended an open fire may be legally liable for negligence involves many factors which are preeminently for consideration by a jury. Among them are the nature of the fire, the accessibility of the premises to curious and careless children of tender years, and the seriousness of the risk to such children which a person exercising ordinary care should recognize.

We are inclined to the view that under the facts of this case the issue of liability properly cannot be determined as a matter of law but should have been submitted to the jury. See Doren v. Northwestern Baptist Hospital Asso., 240 Minn. 181, 60 N.W.2d 361, 42 A.L.R.2d 921 (involving similar essential facts). To the extent Goss v. Shawnee Post No. 3204, V. F. W. of U. S., Ky., 265 S.W.2d 799, is in conflict with this conclusion, it is overruled. We must observe that the trial judge correctly followed the Goss case, and the error we find in his directing a verdict for the defendant is attributable to what we now consider our own faulty analysis of the applicable legal principle.

Since the above determination will require a new trial, we deem it appropriate to pass upon other questions raised. Appellant contends that KRS 227.400(1) imposed an additional duty on appellee. This subsection provides:

> "(1) No owner shall fail to furnish and use reasonable adequate protection and safeguards against fire loss, or fail to adopt and use processes and methods reasonably adequate to render such places safe from fire loss."

This statute sets up no specific standards. What would be "reasonable adequate protection" requires us to resort to the principles we have heretofore discussed, and the statute imposes no additional duty.

It is further contended appellee violated a regulation of the State Department of Public Safety adopted pursuant to KRS 227.300. This regulation (section 2602, Article 26) prohibits the burning of leaves on "premises" without specified safeguards, which were not here observed. Assuming, without deciding, that the regulation was designed to protect persons as well as property, section 100(c), Article 1, of the regulations exempts "private dwellings" outside the corporate limits of a city or town, and appellee's property falls within this category. Appellant argues that the exemption relates only to the private dwelling house and this fire was in the yard. We simply cannot believe the Department of Public Safety ever contemplated that a homeowner would purposely "maintain a bonfire, or burn trash, lumber, leaves, straw, or any other combustible material" in the house. The term "private dwellings" in the exemption obviously includes the appurtenant yard.

It is finally contended the trial court erred in refusing to permit appellant to introduce evidence of custom in the community with respect to the standard of care exercised when burning leaves. No avowal was made after the court ruling and therefore we are unaware of just what appellant was seeking to prove. We do call attention to the fact that to establish a standard of care by custom it must be certain, definite, uniform and notorious. Illinois Central R. Co. v. Maxwell, 292 Ky. 660, 167 S.W.2d 84. It may be further observed that a relevant custom, if any, in this case should relate to the safeguarding of children and not the safeguarding of property.

The judgment is reversed, with directions to grant appellant a new trial.

OSBORNE, J., dissents.

MONTGOMERY, C. J., and HILL, MILLIKEN, PALMORE, STEINFELD, and WILLIAMS, JJ., concur.

OSBORNE, Judge (dissenting).

In Goss v. Shawnee Post No. 3204, V. F. W. of U. S., Ky., 265 S.W.2d 799, we held that a controlled trash fire upon one's property did not constitute an attractive nuisance. The facts in that case are almost identical to the facts in this case. The majority opinion cites no sound reason why it should be overruled. I believe it to be sound law and controlling.

Therefore, I respectfully dissent.