**Barbara JOHNSON et al., Appellants,**

**v.**

**SIMPSON COUNTY SEED & IMPLEMENT COMPANY, Appellee.**

Court of Appeals of Kentucky.

Feb. 28, 1969.

G. D. Milliken, Jr., Milliken & Milliken, Bowling Green, for appellants.

James H. Lucas, John David Cole, Maxey Harlin, Harlin, Parker, Ricketts, Lucas & English, Bowling Green, for appellee.

CLAY, Commissioner.

Plaintiff appellant is a 13-year-old boy who suffered injuries to his toes when a piece of heavy machinery owned by defendant appellee fell on his foot. At the conclusion of plaintiff's evidence the trial court directed a verdict for the defendant. It is not clear whether the basis of this ruling was that defendant was not negligent or that the plaintiff was contributorily negligent as a matter of law.

Defendant is in the farm machinery business. Its premises are traversed by two passways used by the public. On the day in question a "Bush-Hog" was situated in a stationary position on or near one of the passways. This is a large piece of machinery which is pulled by a tractor and operates as a power mower. It has two wheels at the rear and connecting bars at the front where it is attached to the tractor. It had been parked for approximately 30 minutes preparatory to being hauled away. Someone had left the front end raised (apparently by a built-in jack) from six to twelve inches above the ground.

The plaintiff, walking through the passway, became curious about this piece of machinery and stepped upon its flatbed. He said he was there just a few seconds and when he stepped off backwards it dropped on his foot. He said he had not touched anything or moved any levers.

Plaintiff's theory is that this was an "attractive nuisance" likely to cause injury to children and defendant was negligent in leaving it where it was in its dan-

gerous condition. In our recent cases we have recognized that the label "attractive nuisance" does not necessarily solve the problem presented in cases of this sort and we have emphasized the considerations which underlie the doctrine in determining questions of liability. Kentucky & Indiana Terminal Railroad Co. v. Mann, Ky., 312 S.W.2d 451; Gross v. Bloom, Ky., 411 S.W.2d 326; and Louisville Trust Company v. Nutting, Ky., 437 S.W.2d 484. In the latter case we thus stated the governing principle (page 485):

> "The possessor of land is liable for physical harm if he creates or maintains an artificial condition which he realizes or should realize will involve an unreasonable risk of serious bodily harm to children who would not comprehend the risk or danger involved, and he knows or has reason to know that such children are likely to be on his premises."

In the present case it is evident that defendant had created an artificial condition and could anticipate the presence of children such as the plaintiff on its premises. The problem presented is whether plaintiff's proof created a jury issue as to whether defendant should have realized that this Bush-Hog, in its normal tilted position, involved an unreasonable risk of serious bodily harm to one who would not comprehend the risk.

One difficulty in the case is that plaintiff's evidence fails to establish with any degree of certainty what caused this machinery to fall. Because of its slight elevation from the ground, it strains one's comprehension to visualize how the plaintiff in stepping *off* the bed could step *under* it. There was evidence that the Bush-Hog, when elevated, would not drop down unless someone operated the ratchet-type jack which supported it.

 There was no proof that this machinery was designed to fall without someone operating the mechanism installed to elevate it, or that it was likely to fall (even with someone on it), or that it had

ever fallen before. The basis of liability in a case of this character is that there is a latent danger which the owner knows about or should know about, and which he realizes or should realize involves an unreasonable risk of serious bodily harm to those who would not comprehend the danger. See Lynch v. Kentucky Utilities Company, Ky., 328 S.W.2d 520. Plaintiff's proof wholly failed to establish that defendant had any reason to know or anticipate that this ordinary piece of farm machinery had this particular potential for harm. As observed by the trial judge, the plaintiff knew as much about this machinery in its stationary condition as did the defendant, the point being that no one was shown to have reason to anticipate this unusual occurrence. The only thing plaintiff proved was a rather peculiar accident.

The case of Goben v. Sidney Winer Company, Ky., 342 S.W.2d 706, points up the significant factors which make a jury case. There a 9-year-old boy was injured when a concrete block column collapsed while he was climbing it. This column had been newly constructed and the mortar was "green". It was shown that it was likely to fall before the mortar had set if sufficient pressure was exerted against it, and the subcontractor who constructed it was aware of this. We there held that a jury could reasonably determine that the danger which caused the injury was foreseeable.

The present case stands out in contrast. As we have observed, the real cause of this accident was not clear. It could have been caused by a defective jack, or someone tampering with the mechanism, or simply sidewise pressure exerted against it. There was a complete failure of proof of any facts (except the actual happening) which would tend to establish that defendant should have known or should have realized that this apparently harmless piece of machinery presented an unreasonable risk to a child who stepped off it. As in the Lynch case above cited, the essential element of actual or charged knowledge of the dangerous condition is missing. There

was not a sufficient showing to support a finding of negligence and a directed verdict for the defendant was proper. It is unnecessary to consider the question of contributory negligence.

The judgment is affirmed.

All concur.