IN THE COURT OF APPEALS OF TENNESSEE

AT KNOXVILLE

**FILED**

February 28, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

TED LANKFORD, et ux,                              ) C/A NO. E1999-1570-COA-R3-CV
                                                  )
    Plaintiffs-Appellants,                        ) MORGAN CHANCERY
                                                  )
vs.                                               ) HON. FRANK V. WILLIAMS, III
                                                  ) CHANCELLOR
GILBERT L. YOUNG,                                 )
                                                  ) AFFIRMED AND
    Defendant-Appellee.                           ) REMANDED


GEORGE H. BUXTON, III and HAROLD P. COUSINS, JR., BUXTON LAW
OFFICE, Oak Ridge, for Plaintiffs-Appellants.

JOE R. JUDKINS, Wartburg, for Defendant-Appellee.




**O P I N I O N**


                                                 Franks, J.


        Plaintiffs' action sought to bar defendant from using a road across

plaintiff's property, but upon trial, the Trial Judge dismissed the action and plaintiffs'

have appealed.

        The Trial Judge in his ruling, found that there is and had been a road

across plaintiffs' property, which had become a public road and that plaintiffs failed to offer proof of trespassing by the placement of power poles and electric lines across plaintiffs' property. Finally, the Court ruled that an oil and gas lease executed in March of 1980 was no longer valid and had terminated. The issues raised on appeal are:

1. Did the Trial Court err in not allowing plaintiffs to cross-examine the defendant regarding the utility poles and lines?

2. Did the Trial Court err in its ruling that defendant had a prescriptive easement across plaintiffs' property?

3. Did the Trial Court err in ruling that the relocation of the road across plaintiffs' property did not destroy the easement?

At the end of plaintiffs' proof, defendant moved to dismiss plaintiffs' action pursuant to Tennessee Rules of Civil Procedure 41.02(2), and the Trial Court granted the motion as to trespass of defendant by the location of the power poles and utility lines. Thereafter, plaintiffs' counsel unsuccessfully attempted to cross-examine the defendant Young regarding his affirmative defenses, by which defendant averred that the power poles and electric lines were rightfully located on plaintiffs' property.

A Rule 41.02(2) motion mandates the dismissal of an action following the plaintiffs' proof, if from the facts and law the plaintiff has shown no right to relief. Rule 41.02(3) provides that except as otherwise specified, a dismissal under this Rule operates as an adjudication on the merits. The plaintiffs do not raise the issue of whether the Trial Court was in error by granting the Rule 41 motion. Since the Trial Judge had dismissed the action as to trespass, he properly disallowed cross-

2

examination on that issue.

Plaintiffs argue that defendant does not have a right to use the roadway in question. The Trial Court found that the road was a public road, "because the public has made adverse and uninterrupted use of the road in question for a period of more than twenty years, claiming the right to do so, without any action on the part of any person to terminate said use of the road, and the use of said road was not with the permission of the owners of the real property over which the road traverses."

The Court went on to find that any interruption in the use of the road by the public was not of such duration or nature as to negate the necessary elements to establish that the road had become a public road by the application of the doctrine of prescription. *See Nashville Trust Co. v. Evans*, 206 S.W.2d 911, 913 (Tenn. Ct. App. 1947).

There is disputed evidence as to the length of the road. However, it is clear that the road crosses the plaintiffs' property into the Young property. The evidence does not preponderate against the Trial Court's finding that the road in question had been used by the public for at least twenty years.

The use of the road by the Youngs and others was clearly adverse to plaintiffs and their predecessors. It was open and visible and known to plaintiffs. Several people, including Cooper, a predecessor owner, testified that they believed the road to be a public road.

Plaintiffs argue that the use of the roadway was permissive, thus negating an essential element of the doctrine of prescription, and equate "permissive"

3

with "knowledge and acquiescence." However, the two terms are not synonymous in the context of easements by prescription. *See House v. Close*, 346 S.W.2d 445, 447-8 (Tenn. Ct. App. 1961). "Permissive use" means more than acquiescence; it denotes permission in fact, expressly or by necessary implication or a license. 25 Am.Jur.2d *Easements* §65. Failure to object to the use does not mean the use is permissive. *Id. See Koontz v. Superior*, 746 P2d 1264 (Wyo. 1987). Acquiescence, on the other hand, is passive assent or submission; consent by silence. 25 Am.Jur.2d Easements §72. There is no evidence that Cooper or Lankford ever gave express permission for the use of the road, nor did any of the users of the road think it was necessary to ask permission. The Trial Court found the defendant's proof credible on this issue.

Finally, plaintiffs argue that a relocation of the road destroyed any existing prescriptive easement, relying on the case of *Bingham v. Knipp*, 1999 WL 86985 (Tenn. Ct. App. Feb. 23, 1999) for the proposition that a claimant's use of a right-of-way ceases to be adverse when the owner of the servient estate intervenes to occupy the land supporting the easement. In *Bingham*, the claimant crossed the servient property to reach his own property, except during the growing season, when that pass was covered with corn. During those times, the claimant went around the field to reach his property, and the Court found this to be an acknowledgment of the landowner's superior claim to the land in relation to the one claiming the easement. In this case, the Court found the relocation of the road was de minimis and was to the benefit of both the landowner and the general public. In asking the Youngs to move the road, the Coopers recognized the claim of the Youngs to pass through the

4

property. Moreover, slight or immaterial changes or deviations in the portions of the way do not prevent the creation of an easement by prescription, so long as the way remains substantially the same throughout the prescriptive period. 25 Am.Jur.2d *Easements* §58 (1996); *see Central Pac. Ry. Co. v. Alameda County*, 284 US 463, 52 S.Ct. 225 (1932); *Scruggs v. Beason*, 20 So.2d 774 (Ala. 1945); *Weigel v. Cooper*, 436 S.W.2d 85 (Ark. 1969). A prescriptive right-of-way is not invalidated because of deviations from the original route where such changes were made by agreement between the owner and the person claiming the right-of-way, in apparent recognition of the latter's rights. 25 Am.Jur.2d *Easements* §59; *see Chaney v. Martin*, 171 S.W.2d 961 (Ark. 1943); *Rees v. Dixon*, 164 S.W.2d 950 (Ky 1942).

In addition, the Court found that the relocation constituted a dedication of the land for use as a public road. A dedication may be expressed when the appropriation is formally declared, or implied by operation of law from an owner's conduct and facts and circumstances of the case. *Varallo v. Metropolitan Government,* 508 S.W.2d 342 (Tenn. Ct. App. 1973). The public's acceptance may also be express or implied. *Hackett v. Smith County*, 807 S.W.2d 695 (Tenn. Ct. App. 1990).

The Coopers requested and agreed to the relocation of the road across their property. Mr. Cooper testified that prior to moving the road, the public used the road without permission, but he did nothing to stop this use. He also testified that after the road was moved he expected the public to keep using the road, and they, in fact, did. He testified explicitly: "It wasn't my road, it was a road that went through

5

there." His testimony makes clear that he intended the relocation to benefit the public as well as himself, and considered the road to be a public right-of-way. The public accepted this dedication by their continued use.

For the foregoing reasons, we affirm the judgment of the Trial Court and remand with the cost of the appeal assessed to appellants.


_____
Herschel P. Franks, J.

CONCUR:


_____
Charles D. Susano, Jr., J.


_____
D. Michael Swiney, J.